■ ANGELO J. PALIOTTO, Appellant, v TENSOR CORPORATION, Respondent.—In an action *inter alia* to recover attorneys' fees pursuant to a real estate lease and a "modification-guarantee agreement", plaintiff appeals (1) from a judgment of the Supreme Court, Queens County, entered August 20, 1975, which dismissed his complaint pursuant to a prior order of the same court which, on plaintiff's motion for summary judgment, granted summary judgment to defendant pursuant to CPLR 3212 (subd [b]), and (2) from so much of an order of the same court, dated October 8, 1975, as, upon reargument, adhered to the original determination. Appeal from the judgment dismissed as academic. The judgment was superseded by the order made on reargument. Order affirmed insofar as appealed from. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff is the owner of real property in Great Neck, New York, a portion of which was leased to the Great Neck Tennis Club, Inc., in March, 1972. The lease was thereafter assigned to GN Tennis Center, Ltd. On May 23, 1973 plaintiff GN Tennis and defendant Tensor Corporation entered into a "modification-guarantee agreement", whereby plaintiff granted an additional option to extend the term of the lease and defendant guaranteed performance of the lease's terms and conditions. At about the same time, GN Tennis was acquired by defendant; it was subsequently dissolved and its assets, including the subject lease, were assigned to defendant, with plaintiff's consent. Thereafter, plaintiff was served with a summons and complaint in a stockholders' derivative action in the United States District Court for the Eastern District of New York (hereinafter referred to as the Silverstein action). That complaint, by two of defendant's stockholders, accused defendant's officers and others of fraud and misstatements in the filing and solicitation of proxies for a meeting at which defendant's acquisition of GN Tennis and its execution of the "modification-guarantee agreement" was approved. Plaintiff demanded that defendant undertake his defense of the Silverstein action. Upon defendant's refusal, plaintiff retained his own counsel and successfully moved to dismiss the complaint as against himself; the District Court held that, since the complaint acknowledged that plaintiff did not participate in the actual filing and proxy solicitation, the conclusory allegation that he aided and abetted the alleged illegal practices did not make out a cause of action against him under the Securities Exchange Act. When defendant refused to pay the legal fee incurred by plaintiff in his successful defense of the Silverstein action, plaintiff commenced the instant action, relying upon a provision in the lease which

requires that the tenant indemnify the landlord for reasonable attorneys' fees incurred as a result of any breach of a covenant or condition of the lease, or any negligence or "improper conduct" of the tenant, its agent or employees, among others. Special Term awarded defendant summary judgment; we agree. It is conceded that the attorneys' fees were not incurred as a result of any breach of the lease; plaintiff insists only that he is entitled to indemnification for the "improper conduct" of the tenant (defendant), its agents and employees. We agree with Special Term's view that the words "improper conduct" cannot be "interpreted out of all logical or usual context" and that the conduct must bear some connection to the leasehold. The mere fact that the suit in which the expenses were incurred was against the landlord is insufficient. The allegedly improper conduct of defendant, its officers and directors, which gave rise to the Silverstein action, did *not* relate to defendant's conduct *as the tenant* under the lease (we assume, for the sake of argument, that defendant was the tenant at the time of the wrongful acts), but, rather, to the conduct of internal corporate affairs, i. e., the filing and solicitation of stockholder proxies. Hence, plaintiff's claim does not fall within the purview of the lease's indemnification clause. We also note that the indemnification clause does not encompass wrongful acts by the landlord and, though wholly without substance, the complaint in the Silverstein action did charge plaintiff with individual wrongdoing (aiding and abetting the proxy fraud). The fact that plaintiff was improperly made a party defendant in the Silverstein action was not of defendant's doing. Hopkins, Acting P. J., Martuscello, Damiani and Shapiro, JJ., concur.